## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. MARKS PLACE HOUSING COMPANY, INC.; ST. MARKS PLACE ASSOCIATES; STELLAR CP LP; and CASTLETON GP LLC,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and ROY BERNARDI,[1] AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,  )<br><br>Defendants.  ) | Case No. 1:08-cv-00193 (RBW) |

## MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND TO COMPEL THE RETURN TO DEFENDANTS OF PRIVILEGED DOCUMENTS, AND FOR AN EMERGENCY STAY PENDING EXPEDITED REVIEW OF THIS MOTION

Defendants the United States Department of Housing and Urban Development ("HUD") and Roy Bernardi, Acting Secretary of HUD, respectfully ask the Court to strike from the docket plaintiffs' opposition brief filed in response to that Motion – including, in particular, an internal HUD memorandum protected by the deliberative process privilege, which plaintiffs attached to their response as Exhibit C to the declaration of Stephen B. Meister, and pages 8 and 21-22 of their brief, which contains descriptions and quotations of Exhibit C; and to compel plaintiffs to return to defendants all copies of this internal memorandum in their possession. Defendants further request an emergency stay of proceedings related to their motion to dismiss, including the

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Acting Secretary Roy Bernardi is substituted for former Secretary Alphonso Jackson as defendant in his official capacity.

deadline for defendants' reply brief, pending the Court's expedited review of this motion.

Plaintiffs consent to the requested stay.[2]  In support of this motion, defendants submit the

attached statement of points and authorities as well as the Declaration of HUD General Counsel

Robert M. Couch asserting the deliberative process privilege over the document that has been

filed as plaintiffs' Exhibit C.  Defendants request expedited review of this motion.


Dated: May 14, 2008                     Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Acting Assistant Attorney General
                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        /s/ Kathryn L. Wyer
                                        MICHAEL SITCOV
                                        KATHRYN L. WYER
                                        U.S. Department of Justice, Civil Division
                                        20 Massachusetts Ave., NW
                                        Washington, D.C.  20530
                                        Telephone: (202) 616-8475 / Fax: (202) 616-8470
                                        kathryn.wyer@usdoj.gov
                                        *Attorneys for Defendants*

---

[2]Defendants, through undersigned counsel, contacted plaintiffs, through their designated counsel, on May 13, 2008, by electronic mail, requesting that plaintiffs return all copies of the internal HUD memorandum and withdraw their brief from the docket in this case, and indicating that if plaintiffs did not do so, defendants intended to file the instant motion.  The parties subsequently discussed the matter by telephone but were unable to reach agreement regarding the privileged status of the document.  Plaintiffs have indicated that they oppose defendants' motion to strike and to compel.  Plaintiffs have indicated their consent to defendants' request for a stay of proceedings related to defendants' motion to dismiss pending the Court's ruling on the instant motion.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ST. MARKS PLACE HOUSING COMPANY, INC.; ST. MARKS PLACE ASSOCIATES; STELLAR CP LP; and CASTLETON GP LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00193 (RBW) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and ROY BERNARDI, AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND TO COMPEL THE RETURN TO DEFENDANTS OF PRIVILEGED DOCUMENTS, AND FOR AN EMERGENCY STAY PENDING EXPEDITED REVIEW OF THIS MOTION

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................iii

INTRODUCTION ..............................................................................................................1

BACKGROUND ................................................................................................................1

ARGUMENT .....................................................................................................................3

I.      PLAINTIFFS' OPPOSITION BRIEF, INCLUDING EXHIBIT C, SHOULD BE
STRICKEN BECAUSE IT CONTAINS PRIVILEGED MATERIAL THAT
IS NOT SUBJECT TO DISCLOSURE OR TO INCLUSION IN THE RECORD
OF THIS CASE ............................................................................................................3

      A.      Documents Over Which A Party Asserts A Privilege Are Subject To
Being  Stricken By The Court When Filed On The Record By The
Opposing Party ...........................................................................................3

      B.      HUD Has Validly Asserted That Plaintiffs' Exhibit C Is Protected By
The Deliberative Process Privilege .............................................................5

      C.      The Privilege Has Not Been Waived ...........................................................6

      D.      Plaintiffs Cannot Assert A Valid Need For The Memorandum For Purposes
Of Responding To Defendants' Motion To Dismiss ...............................10

CONCLUSION ................................................................................................................14

## TABLE OF AUTHORITIES

Alexander v. FBI, 198 F.R.D. 306 (D.D.C. 2000)...............................................................9

Citizens for Responsibility & Ethics in Washington v. Office of Admin.,
    No. 07-964, 2008 WL 1931561 (D.D.C. May 5, 2008) .......................................7

Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854 (D.C. Cir. 1980) ..................5

Cobell v. Norton ("Cobell I"), 213 F.R.D. 69 (D.D.C. 2003) ...................................4

Cobell v. Norton, 377 F. Supp. 2d 4 (D.D.C. 2005) .......................................................4

Edmonds v. FBI, 272 F. Supp. 2d 35 (D.D.C. 2003) .......................................................7

EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621 (D.C. Cir. 1997) ...................3

Formaldehyde Inst. v. Dep't of Health & Human Servs., 889 F.2d 1118 (D.C. Cir. 1989) ............10

Heggestad v. U.S. Dep't of Justice, 182 F. Supp. 2d 1 (D.D.C. 2000) ..............................6

Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998) ......................................10, 12

In re Sealed Case, 121 F.3d 729 (D.C. Cir. 1997) ...................................................5, 6, 10

Judicial Watch, Inc. v. U.S. Dep't of Commerce, 224 F.R.D. 261 (D.D.C. 2004) ..........3-4

*Murphy v. Dep't of the Army, 613 F.2d 1151 (D.C. Cir. 1979) .....................6, 7, 8, 9, 13

Nat'l Inst. of Military Justice v. U.S. Dep't of Defense, 404 F. Supp. 2d 325 (D.D.C. 2005) ........10

Nat'l Labor Relations Bd. v.. Sears, Roebuck & Co., 421 U.S. 132, 95 S. Ct. 1504 (1975)..............5

Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429 (D.C. Cir.1992) ...............5

Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 95 S. Ct. 1491 (1975)............5

*Rockwell Int'l Corp. v. U.S. Dep't of Justice, 235 F.3d 598 (D.C. Cir. 2001) .................6-7, 7, 8, 9

Rogers v. Johnson-Norman, 466 F. Supp. 2d 162 (D.D.C. 2006) ..............................3, 11

*Safeway Stores Inc. v. FTC, 428 F. Supp. 346 (D.D.C. 1977) .........................................9

SEC v. Lavin, 111 F.3d 921 (D.C. Cir. 1997) ...................................................................9

Stonehill v. IRS, 534 F. Supp. 2d 1 (D.D.C. 2008) ..........................................................7

Taxation With Representation Fund v. IRS, 646 F.2d 666 (D.C. Cir. 1981) .....................6

 United States v. Philip Morris Inc., 212 F.R.D. 421 (D.D.C. 2002) .................................7

United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.,
        474 F. Supp. 2d 75 (D.D.C. 2007) ........................................................................4

Wisconsin v. City of New York, 517 U.S. 1, 116 S. Ct. 1091 (1996) ........................11-12

## INTRODUCTION

Plaintiffs' brief in opposition to defendants' motion to dismiss quotes from and attaches an internal HUD memorandum that is protected by the deliberative process privilege. The memorandum reflects internal agency deliberations that occurred prior to the decision by the Secretary of HUD that is the subject of plaintiffs' challenge. HUD has never authorized the disclosure of this memorandum outside the agency other than to a member of Congress, in response to his express request, and defendants remain unaware of how plaintiffs came into possession of this memorandum. Plaintiffs never informed defendants that they were in possession of this document prior to filing their opposition brief. Even without regard to the privileged nature of the document, it was inappropriate to attach extraneous material in response to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Moreover, the memorandum contributes nothing of substance in support of any valid argument plaintiffs might make in opposition to defendants' motion. Accordingly, plaintiffs' brief should be withdrawn and removed from the public docket, all copies of the memorandum should be returned to defendants, and further briefing on the motion to dismiss should be suspended while this occurs.

## BACKGROUND

Plaintiffs filed their Complaint in this matter on February 1, 2008, challenging HUD's decision that NHA Section 250 applied to plaintiff St. Marks'[3] HUD-insured mortgage and that St. Marks' proposed prepayment of the mortgage must therefore be denied. Defendants filed a

---

[3]Plaintiffs include St. Marks Place Housing Company, Inc. ("St. Marks"), the limited profit housing company that obtained the mortgage that was insured by HUD; St. Marks Place Associates, the current beneficial owner of Castleton Park Apartments, the complex built on the mortgaged property; and the potential buyers of this property.

Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on April 4, 2008.  (dkt. #5)  On May 5, 2008,

plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss.  (dkt. #7)

Plaintiffs attached a number of exhibits to their Memorandum.  In particular, plaintiffs attached a

document, labeled as Exhibit C, which is an internal HUD memorandum, presenting a legal

opinion by the Office of Insured Housing, Multifamily Mortgage Division, a component of

HUD's Office of General Counsel, which was provided to the Director of HUD's Office of Asset

Management.  The memorandum addresses issues related to St. Marks' proposed prepayment of

their mortgage, and was prepared prior to HUD's decision on December 20, 2007, that

prepayment would not be approved.  Couch Decl. ¶ 6.

        HUD General Counsel Robert M. Couch[4] has asserted that this memorandum is protected

from public disclosure by HUD's deliberative process privilege.  Couch Decl. ¶ 5.  The General

Counsel has indicated that the only authorized disclosure of this memorandum to anyone outside

the agency occurred in response to a specific request from Senator Charles Schumer, who had

initiated contact with former Secretary Alphonso Jackson concerning the St. Marks property and

the proposed prepayment.  Id. ¶¶ 8-10.  No HUD official has authorized public disclosure of the

memorandum, nor was Senator Schumer or his staff authorized by HUD to disclose the

---

        [4] General Counsel Couch is the principal legal advisor to the HUD Secretary.  As such, he
provides legal opinions and advice to the Secretary with regard to all departmental programs,
including HUD's insurance of the mortgage at issue in the present litigation.  General Counsel
Couch frequently relies upon the written recommendations of attorneys assigned to the various
program offices within the Office of General Counsel, such as the memorandum attached to
plaintiffs' response as Exhibit C, in order to provide the Secretary candid and informed legal
opinions and advice.  Couch Decl. ¶ 2.

memorandum to anyone outside his Office.[5]  Id. ¶ 10.

The nature of the memorandum as a legal opinion and predecisional internal agency document is apparent from its face.  Nevertheless, neither plaintiffs nor their counsel informed defendants or their counsel that plaintiffs had come into possession of this document until their opposition brief was filed, quoting from and attaching this document.  Id. ¶ 12.  Defendants' Reply in Support of their Motion to Dismiss is currently due on May 20, 2008.

## ARGUMENT

I.    **PLAINTIFFS' OPPOSITION BRIEF, INCLUDING EXHIBIT C, SHOULD BE STRICKEN BECAUSE IT CONTAINS PRIVILEGED MATERIAL THAT IS NOT SUBJECT TO DISCLOSURE OR TO INCLUSION IN THE RECORD OF THIS CASE**

   A.    **Documents Over Which A Party Asserts A Privilege Are Subject To Being Stricken By The Court When Filed On The Record By The Opposing Party**

Privileged information is protected from disclosure "at all stages of all actions, cases, and proceedings."  Fed. R. Evid. 1101(c); see also Fed. R. Civ. P. 26(b)(1) (excluding privileged matter from the scope of allowable discovery); Fed. R. Evid. 501(indicating that the rules governing privilege are based on principles of common law).  This Court is vested with the authority to make preliminary determinations "concerning . . . the existence of a privilege."  Fed. R. Evid. 104(a).  In addition, the Court is vested with authority, in its sound discretion, to strike from the docket any pleading, affidavit or attachment thereto that qualifies as  "redundant, immaterial, impertinent, or scandalous" for purposes of Fed. R. Civ. P. 12(f) or that fails to meet

---

[5]Plaintiffs' counsel have indicated that they received the document from another attorney associated with plaintiffs, and that they believe this attorney received the document from a HUD employee, but neither plaintiffs' counsel nor defendants have been able to identify a particular employee as the source.

the admissibility requirements of Fed. R. Civ. P. 56(e).[6]  Judicial Watch, Inc. v. U.S. Dep't of

Commerce, 224 F.R.D. 261, 263 (D.D.C. 2004) (striking statements that were immaterial and that

constituted impermissible hearsay).  Privileged materials are subject to being stricken.  Cobell v.

Norton ("Cobell I"), 213 F.R.D. 69, 78-79 (D.D.C. 2003) (striking materials that were protected

by attorney-client and work product privilege)[7]; see also United States ex rel. Pogue v. Diabetes

Treatment Ctrs. of Am., 474 F. Supp. 2d 75, 80 (D.D.C. 2007) (indicating that a motion to strike

would be appropriate to protect privileged materials from disclosure but holding that an expert

report was not subject to strike because the United States, not plaintiff, had filed the report on the

docket); Cobell v. Norton, 377 F. Supp. 2d 4, 8 (D.D.C. 2005) (considering whether to strike from

records materials that a party asserted were protected by attorney-client privilege and recognizing

its previous ruling striking materials from the record in Cobell I).

---

[6]Plaintiffs filed their brief and Exhibit C in opposition to defendants' motion to dismiss.
Under the applicable standard for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), in
determining the sufficiency of the Complaint in stating a claim upon which relief may be granted,
a Court's review is limited to "'the facts alleged in the complaint, any documents either attached
to or incorporated in the complaint and matters of which [the court] may take judicial notice.'"
Rogers v. Johnson-Norman, 466 F. Supp. 2d 162, 165 n.3 (D.D.C. 2006) (quoting EEOC v. St.
Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997)).  When a party presents to the
Court matters outside the pleadings, and these matters are not excluded by the Court, a motion to
dismiss under Rule 12(b)(6) must be converted to a motion for summary judgment under Rule
56.  In that event, any affidavit submitted in support or opposition to the motion must "be made
on personal knowledge, set out facts that would be admissible in evidence, and show that the
affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e). Inadmissible
materials should be excluded and should therefore not be considered in regard to either a motion
to dismiss or motion for summary judgment.

[7]In Cobell I, the court ordered that materials filed by plaintiffs be stricken in response to
the government's motion for a protective order pursuant to Fed. R. Civ. P. 26(c).  Cobell I, 213
F.R.D. at 72.

**B.    HUD Has Validly Asserted That Plaintiffs' Exhibit C Is Protected By The Deliberative Process Privilege**

The internal HUD memorandum that plaintiffs filed as Exhibit C is a predecisional internal advisory opinion protected by the deliberative process privilege.  The deliberative process privilege is intended to safeguard the quality and integrity of agency decisionmaking by ensuring that "subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism."  Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980); see Nat'l Labor Relations Bd. v.. Sears, Roebuck & Co., 421 U.S. 132, 151, 95 S. Ct. 1504 (1975).  The privilege "protect[s] against premature disclosure of proposed policies before they have been finally formulated or adopted" and also "protect[s] against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."  Coastal States, 617 F.2d at 866.

Materials covered by the privilege must be both "predecisional" and "deliberative" in nature. In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997).  "A document is predecisional if it was prepared in order to assist an agency decision maker in arriving at his decision, rather than to support a decision already made." Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1434 (D.C. Cir.1992) (citing Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 184, 95 S. Ct. 1491 (1975)).  Deliberative documents are those that "reflect[] the give-and-take of the consultative process," Coastal States, 617 F.2d at 866, by "reveal[ing] advisory opinions, recommendations, and deliberations" that were prepared or occurred in the course of formulating

- 5 -

governmental decisions and policies, In re Sealed Case, 121 F.3d at 737.

There can be no question that the agency document at issue here meets the requirements for receiving protection under the deliberative process privilege. The document was prepared and distributed internally within the agency as part of the decisionmaking process that occurred after St. Marks submitted to HUD its notice of intent to prepay, and HUD was faced with the question of how to respond. Couch Decl. ¶ 6. The document, which is dated October 11, 2007, was prepared before the Secretary reached the decision that Section 250 applied to the mortgage and that prepayment approval would be denied, as indicated in his letter to St. Marks dated December 20, 2007. It therefore qualifies as predecisional. The document also qualifies as deliberative. It provides a legal opinion of one component within HUD's Office of General Counsel regarding issues relevant to the Secretary's ultimate decision and thus reflects one among a number of legal views presented to the decisionmaker. See Couch Decl. ¶ 6. The HUD General Counsel has therefore validly asserted that this document is protected from disclosure under the deliberative process privilege.

### C.    The Privilege Has Not Been Waived

Because HUD has not made an authorized disclosure of the internal memorandum to anyone other than Senator Schumer, in response to his express request, there is no basis for concluding that HUD has waived its privilege. In the deliberative process context, an agency's *authorized* disclosure of an otherwise privileged document to a third party may waive privilege as to that specific document. In re Sealed Case, 121 F.3d at 741-42 (discussing the impact of an agency's "voluntary," i.e., authorized, disclosure). However, it is well established in the D.C. Circuit that this rule does not apply where the disclosure is to a member of Congress. Rockwell

Int'l Corp. v. U.S. Dep't of Justice, 235 F.3d 598, 605 (D.C. Cir. 2001) (holding that "disclosure

to Congress d[oes] not waive [privilege] protection" for an agency's deliberative processes); see

also Heggestad v. U.S. Dep't of Justice, 182 F. Supp. 2d 1, 13 (D.D.C. 2000) ("[T]his Circuit has

explicitly held that a document otherwise covered by the deliberative process privilege does not

lose this status merely because it was disclosed to a member of Congress without an explicit

warning of its confidential status." (citing Murphy v. Dep't of the Army, 613 F.2d 1151, 1159

(D.C. Cir. 1979))).  In Rockwell, the D.C. Circuit held that Exemption 5 of the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, continued to protect "memoranda and correspondence

created as part of the Justice Department's deliberative processes" from disclosure under FOIA

even though these materials had been sent to a congressional subcommittee at its request.[8]

Rockwell, 235 F.3d at 604; see also Edmonds v. FBI, 272 F. Supp. 2d 35, 49 (D.D.C. 2003)

(recognizing that "disclosure of information to a congressional committee does not constitute a

waiver").  The court reasoned that a contrary conclusion would mean that "'every disclosure to

Congress would be tantamount to a waiver of all privileges and exemptions,'" and that, as a result,

"'executive agencies would inevitably become more cautious in furnishing sensitive information

to the legislative branch – a development at odds with public policy which encourages broad

_____

        [8]While Rockwell was a FOIA case, the same principle applies outside the FOIA context.
Cf. Citizens for Responsibility & Ethics in Washington v. Office of Admin., No. 07-964, 2008
WL 1931561, at *3 n.3 (D.D.C. May 5, 2008) ("Because FOIA Exemption 5 has been construed
'to encompass the protections traditionally afforded certain documents pursuant to evidentiary
privileges in the civil discovery context,' Taxation With Representation Fund v. IRS, 646 F.2d
666, 676 (D.C. Cir. 1981), cases discussing the deliberative process privilege in the FOIA
context are relevant to" the discovery context as well.); Stonehill v. IRS, 534 F. Supp. 2d 1, 8
(D.D.C. 2008) (recognizing that the analysis of whether a document was protected by a privilege
was sufficiently identical in the civil discovery and FOIA contexts that collateral estoppel applied
across the different proceedings).

congressional access to governmental information.'" Rockwell, 235 F.3d at 604 (quoting Murphy, 613 F.2d at 1156).[9]

In Murphy, an earlier case on which Rockwell relied, the D.C. Circuit held, in a context quite similar to the one presented here, that the deliberative process privilege had not been waived when an agency had provided an individual congressman with a memorandum prepared by the agency's Office of General Counsel after the congressman had contacted the agency and expressed interest in an issue about which a final decision had not yet been made. Murphy, 613 F.2d at 1157 (recognizing that, "[a]s the[] elected representative [of those who would be affected by agency action], [the congressman] possesses an official interest in the governmental actions and deliberations described in the documents here at issue").

Under the holdings of Rockwell and Murphy, HUD's disclosure of the memorandum to Senator Schumer does not constitute a waiver of deliberative process privilege. Nor does the subsequent acquisition of the memorandum by plaintiffs or their counsel. Although defendants do not have direct knowledge of how the internal HUD memorandum came into the possession of plaintiffs' counsel, no discovery has occurred through which HUD could have made an inadvertent disclosure of the memorandum. The only possible sources for plaintiffs' counsel's acquisition of the memorandum are thus either a HUD employee or an employee of Senator Schumer's office. In either case, the disclosure was unauthorized by HUD, and, as discussed below, the privilege is therefore not waived.

---

[9]In contrast, a waiver of attorney-client and work product privilege has been found to result from disclosures made to congressional committees by private corporations, where there is not the same interest in preserving communication between the branches of government. See United States v. Philip Morris Inc., 212 F.R.D. 421, 425-26 (D.D.C. 2002).

In regard to the possibility that the disclosure occurred through Senator Schumer's office, the court in <u>Murphy</u> noted the fact that, in that case, the memorandum was not publicly disclosed by the congressman to whom the agency had given it and suggested that there "may" have been a waiver if such a disclosure had actually occurred.  <u>Id.</u> at 1159.  However, this dicta in <u>Murphy</u> is contrary to the only case in this Circuit, as far as defendants are aware, that actually addressed a situation where a document was leaked after being provided to a congressional committee, which concluded that neither the disclosure to Congress nor the subsequent leak to the Washington Post served to waive privilege.  <u>Safeway Stores Inc. v. FTC</u>, 428 F. Supp. 346, 347 (D.D.C. 1977).  It would be inconsistent with the principles set forth in <u>Rockwell</u> and <u>Murphy</u> regarding the importance of maintaining open communication between Congress and agencies, which formed the basis for their holdings, to conclude that once a document is provided to a member of Congress, the agency's retention of privilege depends entirely on the Congressman or Senator.  If that were the case, the agency would be just as reluctant to provide information to Congress as it would be if the disclosure itself waived the privilege – a result that the D.C. Circuit in <u>Rockwell</u> rejected on the basis that it would be "at odds with public policy."  <u>Rockwell</u>, 235 F.3d at 604 (internal quotation omitted).

In regard to the possibility that a HUD employee disclosed the document, a member of this Court has held, in the context of corporate entities' assertions of attorney-client privilege, that a corporate employee's disclosure of privileged information did not waive the corporation's privilege.  <u>Alexander v. FBI</u>, 198 F.R.D. 306, 315 (D.D.C. 2000).  The concerns underlying the deliberative process privilege warrant a similar rule here.  This Circuit has taken into account the nature of the privilege at issue when considering whether to deem a privilege waived.  <u>See</u> <u>SEC v.</u>

Lavin, 111 F.3d 921, 929 (D.C. Cir. 1997) (holding that "the strict rule on waiver of privileges"

that applied in "the attorney-client context" also applied in the martial context because the same

considerations – "encouraging full and frank communications within special relationships"–

supported its application in that context).  In the deliberative process context, the considerations

underlying the privilege involve the public interest in maintaining the integrity of agency

decisionmaking.  Thus, a court's review of whether the privilege can be waived must be guided by

the "critical question" of whether denying the privilege "would expose an agency's

decisionmaking process in such a way as to discourage candid discussion within the agency and

thereby undermine the agency's ability to perform its functions.'"  Nat'l Inst. of Military Justice v.

U.S. Dep't of Defense, 404 F. Supp. 2d 325 (D.D.C. 2005) (quoting Formaldehyde Inst. v. Dep't

of Health & Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989)).  The D.C. Circuit has

previously indicated that these considerations limit the applicability to deliberative process of

waivers that have been applied in other contexts.  Cf. In re Sealed Case, 121 F.3d at 741 (holding

that an authorized voluntary disclosure by an agency waived deliberative process privilege with

respect to the specific document disclosed, but rejecting the extension of the subject matter waiver

doctrine, as applicable in the attorney-client context, to the deliberative process context because of

the different interests involved).

      The same considerations warrant rejecting any suggestion that an unauthorized disclosure

by an agency employee can waive the agency's deliberative process privilege.  It would undermine

the full and frank decisionmaking process that the privilege serves to protect if a single employee

had the power to waive an agency's privilege by unilaterally disclosing a document without

agency authorization.  Allowing the internal memorandum at issue here to remain in the public

realm is likely to encourage such unilateral action by agency employees while at the same time

inhibiting their colleagues from freely contributing to agency decisionmaking.

> **D.** **Plaintiffs Cannot Assert A Valid Need For The Memorandum For Purposes Of Responding To Defendants' Motion To Dismiss**

While deliberative process is a qualified rather than absolute privilege, documents are

shielded from disclosure under this privilege unless the indisputable potential for interference

with agency decisionmaking that disclosure would cause is outweighed by a litigant's need for the

documents in a particular case.  See Hinckley v. United States, 140 F.3d 277, 286 (D.C. Cir.

1998).  Here, there is little need to engage in the standard balancing of competing interests

described in Hinckley because the internal HUD memorandum at issue is irrelevant to the

question of whether plaintiffs can state a claim upon which relief may be granted and thus survive

defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  Indeed, it was inappropriate for

plaintiffs to attach extraneous materials to their opposition brief even aside from the fact that one

of their attachments consisted of a privileged agency document.  See Rogers, 466 F. Supp. 2d at

165 n.3 (citing the well-established rule that a court's review on a Rule 12(b)(6) motion excludes

any extra-pleading materials unless they are "attached to or incorporated in the complaint" or

"matters of which [the court] may take judicial notice" (internal quotation omitted)).

Moreover, the internal predecisional memorandum is also irrelevant to the question of

whether the Secretary's decision that Section 250 applied to the St. Marks mortgage can be set

aside as arbitrary and capricious or contrary to law.  Plaintiffs apparently seek, by quoting and

attaching this internal memorandum in their opposition brief, to cast doubt on the Secretary's

decision by highlighting the fact that at least one component of HUD's Office of General Counsel

had espoused a contrary point of view.  See, e.g., Pls. Opp. at 7-8, 21-22.  Indeed, plaintiffs go so

far as to contend that "if any deference should be given here, it should be given to this legal

opinion issued by HUD's Office of General Counsel, and not to the Secretary's 'interpretation.'"

Id. at 22.  This contention is simply wrong.  The Supreme Court has explained that "the mere fact

that [a] Secretary's decision overruled the views of some of his subordinates is by itself of no

moment in any judicial review of his decision."  Wisconsin v. City of New York, 517 U.S. 1, 23,

116 S. Ct. 1091 (1996).[10]  Indeed, the D.C. Circuit has recognized that the very fact that different

views may be advanced by various individuals or components within the agency prior to the

Secretary's final decision supports, rather than undermines, the application of the deliberative

process privilege in a given situation.  Hinckley, 140 F.3d at 285-86 (indicating that the

deliberative process privilege is based on the "key insight[ ]" that "governmental decisionmakers

will frequently disagree and debate many options before they reach any final conclusion, and that

such predecisional and deliberative discussions and disputes should be protected from public

review").

    The internal HUD memorandum also seems to play a role in plaintiffs' attempt to cast

---

[10]Defendants have already made this point in their memorandum in support of their
Motion to Dismiss.  See Defs.' Mem. at 19.  They did so based on the allegations made in
plaintiffs' Complaint, in which plaintiffs asserted, "[u]pon information and belief," that
predecisional advice had been given to the Secretary that was contrary to his final decision.  See
Compl. ¶¶ 34, 36.  As is proper in the context of a motion to dismiss under Fed. R. Civ. P.
12(b)(6), defendants argued that, even assuming plaintiffs' assertions in that regard were correct,
plaintiffs nevertheless failed to state a claim upon which relief may be granted.  See Defs.' Mem.
at 18.  Rather than responding to this argument in any meaningful way, plaintiffs instead have
quoted and attached an internal document that simply represents the irrelevant predecisional
advice that they previously asserted had been given, and that defendants previously explained had
no bearing whatsoever on their claims.  Doing so contributes absolutely nothing of significance
that could help plaintiffs survive defendants' motion to dismiss or that would support plaintiffs'
position even if defendants' motion were converted to a motion for summary judgment.

aspersions on the Secretary's decision by reference to Senator Schumer's expressions of interest in the situation.  Again, the document serves no valid purpose in supporting plaintiffs' claim because the idea that a Senator's involvement in such matters is in any way inappropriate is itself without merit.  As the D.C. Circuit recognized in <u>Murphy</u>, "the legislature acts through its individual Members," who "have a constitutionally recognized status entitling them to share in general congressional powers and responsibilities, many of them requiring access to executive information." <u>Murphy</u>, 613 F.2d at 1157.  Any individual member of Congress is thus "entitled to request such information from the executive agencies as will enable him to carry out the responsibilities of a legislator." <u>Id.</u>  Senator Schumer represents constituents who reside in the Castleton Park property, the mortgage of which St. Marks sought to prepay.  The fact that he expressed concern to HUD about the issue of prepayment in regard to this property does not raise any suggestion of impropriety or misconduct in HUD's decisionmaking process, even if it were assumed that his concern may have prompted the agency to look more closely at the issue.

The only arguments that plaintiffs set forth in their opposition brief that require any consideration at all do not rely on the internal HUD memorandum.  Plaintiffs argue that a 1977 regulation in effect at the time the Mortgage Note was signed is unambiguously inconsistent with the footnote in the Mortgage Note requiring Secretary approval for prepayment and prohibited such a requirement.  Pls. Opp. at 13-21.  They also argue that the footnote does not actually require Secretary approval for prepayment in full.  <u>Id.</u> at 22-24.  Neither of these arguments relies on or requires reference to the internal memorandum.  There is thus absolutely no basis here for concluding that plaintiffs' litigation needs outweigh the government interests that the deliberative process privilege is intended to preserve.

- 13 -

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court strike plaintiffs'
brief in opposition to defendants' Motion to Dismiss, including its quotation of an internal HUD
memorandum and its attachment of that memorandum as Exhibit C to the Declaration of Stephen
B. Meister, order that all copies of the memorandum in plaintiffs' possession be returned to
defendants, order plaintiffs to file another brief in opposition to defendants' Motion to Dismiss
that omits any quotation of or reference to the internal memorandum, and order an emergency stay
of defendants' deadline to file a reply in support of their Motion to Dismiss while these steps are
implemented.


Dated: May 14, 2008                         Respectfully submitted,

                                            GREGORY G. KATSAS
                                            Acting Assistant Attorney General
                                            JEFFREY A. TAYLOR
                                            United States Attorney

                                            /s/ Kathryn L. Wyer
                                            MICHAEL SITCOV
                                            KATHRYN L. WYER
                                            U.S. Department of Justice, Civil Division
                                            20 Massachusetts Ave., NW
                                            Washington, D.C.  20530
                                            Telephone: (202) 616-8475 / Fax: (202) 616-8470
                                            kathryn.wyer@usdoj.gov
                                            *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. MARKS PLACE HOUSING COMPANY, INC.; ST. MARKS PLACE ASSOCIATES; STELLAR CP LP; and CASTLETON GP LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and ROY BERNARDI, AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:08-cv-00193 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF ROBERT M. COUCH

I, Robert M. Couch, declare as follows:

1.    I am the General Counsel of the United States Department of Housing and Urban Development.  I was confirmed by the Senate on June 13, 2007.  Prior to my confirmation, I served as Acting General Counsel, beginning on December 5, 2006.  Previously, I was the President of the Government National Mortgage Association, which is also a component of HUD.  I was confirmed by the Senate for that position on June 15, 2006.

2.    As General Counsel, I am the principal legal advisor to the Secretary.  In that capacity, I provide legal opinions and advice to the Secretary with regard to all departmental programs.  In order to provide the Secretary candid and informed legal opinions and advice, I frequently rely upon the written recommendations of attorneys assigned to the various program offices within the Office of General Counsel.

3.    I am familiar with the subject matter and procedural posture of the above-
captioned lawsuit. I understand that briefing on defendants' motion to dismiss is currently
underway, and no discovery has occurred so far in this case. I also understand that plaintiffs'
counsel have come into possession of an internal memorandum prepared by an attorney in
HUD's Office of General Counsel. I further understand that plaintiffs' counsel have attached this
memorandum to their opposition to defendants' motion to dismiss, and have quoted portions of
this memorandum in their opposition brief.

4.    At the request of Acting Secretary Roy A. Bernardi, I have personally reviewed
this memorandum and the attendant factual circumstances, in order to determine whether to
invoke any claims of privilege. Acting Secretary Bernardi requested that I review this matter,
because as General Counsel, I am the head of the department having control over the matter
requested, since the author of the memorandum is one of my subordinates.

5.    I hereby assert the deliberative process privilege with respect to this
memorandum. I understand that defendants may also assert other privileges and protections in
regard to this information. The fact that my declaration is limited to a discussion of the
deliberative process privilege is not meant to suggest that the information is not otherwise
protected from disclosure.

6.    The memorandum at issue was prepared by a component of the Office of General
Counsel – the Office of Insured Housing, Multifamily Mortgage Division – in the course of
HUD's deliberations over its formulation of a response to the St. Marks plaintiffs' notice of
intent to prepay their mortgage, which is insured by HUD under NHA Section 207 pursuant to
NHA Section 223. The memorandum conveys a legal opinion of that office regarding issues

relevant to those deliberations. The information in the memorandum includes predecisional analyses, opinions, advice, and/or recommendations, all of which informed the ultimate final decision regarding the application for prepayment. The opinion expressed in the memorandum represents one view, but not the only view, expressed by my subordinates.

7.     Decisions on how to respond to notices of prepayment often require the Office of General Counsel, as an initial matter, to engage in the analysis and interpretation of contracts and regulations. The Office of General Counsel has a longstanding policy of protecting its deliberative processes on these matters from public disclosure, including disclosure in court. This policy is based on the Office of General Counsel's concern that disclosing internally generated written material reflecting predecisional opinions and recommendations would interfere with candid discussion and discourage the free and uninhibited flow of ideas.

8.     Senator Charles Schumer initiated contact with former Secretary Alphonso Jackson concerning the request for prepayment for the Castleton Park development. Senator Schumer scheduled a meeting for November 6, 2007, to discuss this matter with HUD officials. Prior to the meeting, Senator Schumer learned of and requested a copy of the memorandum at issue.

9.     On October 25, 2007, HUD's Office of Congressional Relations responded to Senator Schumer's express request by arranging for a copy of the memorandum to be faxed to an aide of the Senator.

10.     HUD has not made an authorized disclosure of the memorandum to anyone outside the agency other than Senator Schumer's Office. Specifically, HUD has not authorized the disclosure of this memorandum to plaintiffs or their counsel, and HUD has not authorized

– 3 –

Senator Schumer, or any member of his staff, to make any disclosures of this memorandum.

11.    Pursuant to normal HUD procedures, the memorandum was not widely distributed within the agency.  Rather, the memorandum was distributed on a strictly need-to-know basis to HUD employees within the agency components that were involved in evaluating the notice of intent to prepay.

12.    Plaintiffs' counsel did not make HUD aware of the fact that the memorandum came into their possession until they filed the memorandum as an attachment to their opposition to defendants' motion to dismiss and quoted excerpts from the memorandum in their brief.

13.    Having reviewed the memorandum at issue, I have concluded that disclosing it – or, at this point, allowing it to remain in the public domain – would interfere with HUD's deliberative processes by limiting the ability of its staff, including but not limited to attorneys within the Office of General Counsel, to prepare and candidly discuss various positions and interpretations that might be relevant to an ultimate conclusion on how to respond to a notice of prepayment.  It would also interfere with deliberative processes by discouraging the General Counsel and other HUD officials from seeking written legal opinions from various offices when the potential for litigation is recognized.  Allowing the privilege to be deemed waived could also have the undesirable effect of encouraging HUD employees to breach any policies maintaining the confidentiality of information and to inject bits of deliberative information piecemeal into the public domain without providing a context in which such information can be accurately understood.  This result would further undermine and inhibit those who advise me and others responsible for decisionmaking from offering their full, frank, and independent opinions, interfering with the free exchange of information within the agency and with the decisionmaking

– 4 –

process.

14.    I base this declaration on my personal knowledge, information made available to me in the performance of my official duties, and my knowledge of the issues being litigated in the above-captioned matter.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _____ 5-14-08 _____
Washington, D.C.

ROBERT M. COUCH

– 5 –

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ST. MARKS PLACE HOUSING COMPANY, INC.; ST. MARKS PLACE ASSOCIATES; STELLAR CP LP; and CASTLETON GP LLC, | ) ) ) ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | Case No. 1:08-cv-00193 (RBW) |
|  | ) | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and ROY BERNARDI, AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) | |
|  | ) | |
| Defendants. | ) ) | |

## [Proposed] ORDER

Upon the Court's consideration of defendants' Motion for an Emergency Stay of proceedings related to defendants' motion to dismiss, and the entire record herein, it is, this _____ day of May, 2008, hereby ORDERED that defendants' motion is GRANTED.

It is further ORDERED that proceedings relating to defendants' motion to dismiss, including the deadline for filing a Reply brief in support of defendants' motion, are hereby STAYED pending the Court's ruling on defendants' Motion to Strike.

_____
The Honorable Reggie B. Walton
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ST. MARKS PLACE HOUSING COMPANY, INC.; ST. MARKS PLACE ASSOCIATES; STELLAR CP LP; and CASTLETON GP LLC, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00193 (RBW) |
| | ) | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and ROY BERNARDI, AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## [Proposed] ORDER

Upon the Court's consideration of defendants' Motion to Strike Plaintiffs' Response to Defendants' Motion to Dismiss and to Compel the Return to Defendants of Privileged Documents, and the entire record herein, it is, this _____ day of May, 2008, hereby ORDERED that defendants' motion is GRANTED.

It is further ORDERED that plaintiffs' response to defendants' motion to dismiss is STRICKEN. The response and all related documents shall be removed from the public docket.  Plaintiffs shall file a new response to defendants' motion to dismiss, omitting any reference to or excerpt from the document that they labeled as Exhibit C in their response to defendants' motion to dismiss, within 10 days of this order.

It is further ORDERED that plaintiffs shall immediately, or not later than 5 days of this order, return to defendants all copies in their possession of the document that they labeled as Exhibit C

in their response to defendants' motion to dismiss and shall destroy all excerpts of the document

that appear in any draft briefs, final briefs, or other documents in their possession.


_____
The Honorable Reggie B. Walton
United States District Judge